UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

14cv10127

GEORGE MAY

      PLAINTIFF

                                    CASE NO:

VS.

VIACOM INTERNATIONAL, INC., COMEDY
PARTNERS, COUNTRY MUSIC TELEVISION,
INC., PARAMOUNT PICTURES CORPORATION,
CBS CORPORATION, BLACK ENTERTAINMENT
TELEVISION, LLC, ARAB BANK GROUP,
INC., ARAB BANK, PLC NEW YORK, NEW
YORK, DUBAI WORLD CORPORATION,
YOUTUBE, INC., YOUTUBE LLC, GOOGLE,
INC., JOINTLY AND SEVERALLY,

                   DEFENDANT'S              VERIFIED COMPLAINT

GEORGE MAY, PLAINTIFF VERIFIED COMPLAINT, REQUEST FOR
EX PARTE, SHOW CAUSE ORDER TO HONORABLE JUDGE RICHARD
M. BERMAN FOR A EMERGENCY MOTION, ORDER FOR REPLEVIN,
DETINUE WRIT, ORDER TO SEIZE PROPERTY, MONEY, STOCK,
RETURN OF TRADE SECRETS OWNED BY GEORGE MAY, PLAINTIFF,
PURSUANT TO UCC LEIN LAW ARTICLE 9, CONTRACT LAW, OWNED
BY GEORGE MAY, PLAINTIFF PURSUANT TO UCC ARTICLE 8,9,,
FEDERAL RULE OF CIVIL PROCEDURE 64, N.Y.P.L. S. 155.00,
S. 155.42, 18 U.S.C. §1831, §1832, §1030(g), FOR THEFT.

GEORGE MAY, PLAINTIFF brings this Verified Complaint, Writ,

Ex Parte Action, Order, Show Cause Order to recover possession

of money, personal property, pursuant to UCC Lien Law Article

8,9, Federal Rule of Civil Procedure 64, N.Y.P.L. S. 155.00,

S. 155.42, 18 U.S.C. §2,§3,§4,§371, §1831, §1832, §1030(g),

USTA, CONTRACT LAW, THEFT, in support of this Complaint states:

    1. This United States District Court has Jurisdiction over

-1-

this matter pursuant to the Contract Clause of the United States of America Constitution, UCC Article 9, Federal Rule of Civil Procedure 64, N.Y.P.L. S. 155.00, S. 155.42, Replevin, Detinue, the new Economic Espionage Act. 18 U.S.C. §1831, §1832, §2, §3, §4, §371 based on the value of the personal property claimed being:

> The sum certain of $21 Billion Dollars, plus interest compounded annually from September 4, 2012 at the Statutory Rate untill paid.

2. Venue is proper as the defendant's resides, are located in this County, and all acts pertaining to George May plaintiff's claim identified in this verified complaint took place in this County, and are taking place in the New York Stock Exchange here.

3. A complete list and valuation of the personal property claimed by George May plaintiff is attached to this complaint and marked as Exhibit "A".

4. George May plaintiff is the owner of the property, Contract, Money claimed and is entitled to possession of the Money, Property, Trade Secrets, Contracts because the before mentioned herein United States of America Constitution, State, Federal Laws before mentioned herein prohibit the taking, Grand Theft of George May, plaintiff property, contracts, Trade Secrets before mentioned herein by the defendant's without payment. George May, plaintiff interest in such property, Trade Secrets, is based upon a written instrument,

-2-

continuing contract, continuing debt owed by the defendant's those in continuing conspiracy Viacom International, Inc., Comedy Partners, Country Music TElevision, Inc., Black Entertainment Television, LLC,  Paramount Pictures Corporation, Arab Bank Group Inc., Arab Bank PLC, New York, New York, Dubai World, Corporation, YOUTUBE, INC., YOUTUBE LLC, GOOGLE, INC., pursuant to the before mentioned herein State, Federal Laws. Sachs v. Cluett, Peabody & Co., Inc., 31 N.Y.S. (2d) 718 (Sup. Ct. 1941), Smith v. DRavo Corp. 203 F.2d 369, 97 U.S.P.Q. (BNA) 98 (7th Cir. 1953), in which the defendant's have breached, defaulted on their UCC Article 9 contract attached herein owned by George May plaintiff.

5. George May plaintiff property, money, Trade Secrets, payment on George May UCC Lien Continuing Contract for payment to George May plaintiff is wrongfully being detained by the defendant's before mentioned herein George May right to possession.

6. The means by which the defendant's before mentioned herein came into possession of George May plaintiff property, Money, Trade Secrets, Contracts and the specific facts constituting detention against the right of George May plaintiff to possession are as follows:

The defendant's before mentioned herein used Trick, Deceit, to commit Grand Theft of George May, plaintiff Trade Secrets, then defaulted on their Contracts to pay for George May Trade Secrets made by their contracts.

-3-

The defendant's herein then used George May plaintiff Trade Secrets, Contracts to sell their stock on the New York Stock Exchangs, market their businesses for Billions of Dollars in unlawful profits.

7. To the best of George May plaintiff knowledge, information, belief the defendant's before mentioned herein business address is 1515 Broadway, New York, NY, 10036,

8. To the best of George May plaintiff knowledge, belief the property, money, Trade Secrets, belonging to George May at issue is located at the following address:

1515 Broadway, New York, NY, 10036,

9. George May plaintiff has made demand upon all the defendant's before mentioned herein for return, of George May plaintiff money, property, Trade Secrets pursuant to the before mentioned herein Laws, UCC Lien Law Article 9, Attached herein is the demand, request for payment to George May plaintiff, Certified by the U.S. District Court Clerk, George May plaintiff has not received the Money, Property, his Trade Secrets from the defendant's before mentioned herein despite such demand and continues to be deprived of George May plaintiff use and enjoyment of his money, Trade Secrets, property by the defendant's before mentioned herein.

10. George May plaintiff money, property, Trade Secrets has not been taken for a tax assessment or a fine pursuant to Statute.

-4-

11. Pursuant to Federal Rule of Civil Procedure 64, the before herein mentioned State, Federal Laws, UCC Lien Law Article 9 George May plaintiff is entitled to an immediate Order of this Honorable Court, Judge directing the defendant's before mentioned herein to pay George May plaintiff his money, property, Trade Secrets, Contracts listed herein, or for a Order to seize the money, assets, Stocks of the defendant's before mentioned herein for payment to George May plaintiff, including interest, and damages for the wrongful detention.

WHEREFORE, George May plaintiff respectfully requests the following relief:

1. That this Honorable Court, Judge Richard M. Berman issue a Ex Parte Order to Show Cause directed to the defendant's before mentioned herein to Show Cause why the money, property, Trade Secrets, owned by George May plaintiff should not be taken from the sale of the defendant's Stock, Assets, Bank Accounts, and immediately delivered to George May plaintiff.

2. That this Honorable Court, Judge Richard M. Berman issue a Exparte Order Seizing the Money, Assets, Stock, Bank Accounts from the defendant's before mentioned herein and immediately delivering the money, Assets, Bank Accounts of the defendant's before mentioned to George May plaintiff, as required by UCC Lien Law Article 9, Federal Rule of Civil Procedure 64, the before mentioned herein State, Federal Laws, UCC LIEN LAW, UCC LIEN LAW ARTICLE 8.

3. That this Honorable Court, Judge Richard M. Berman issue a Court award to George May plaintiff Court Costs, Attorney Fee's (if any), plus such other relief as is Just and proper pursuant to the before mention Laws.

I George May plaintiff swear/affirm under Oath that I have read the foregoing complaint, request for Ex Parte Order, Request for Seizure and Delivery to George May plaintiff his money before mentioned herein, request for Replevin, Detinue, Show Cause, and that my statements set forth herein are true and correct to the best of my knowledge.

I George May plaintiff hereby Certifies, Verifies, Declares under the penalty of Perjury under the Laws of the United States of America that the foregoing is true and correct, and that the foregoing is made to the best of my personal knowledge, and is made in good faith.

Respectfully submitted

George May plaintiff
P.O. Box 32247
Palm Bch. Gardens
Fl. 33420
Ph./Fax. 561-290-4384

-6-

EXHIBIT

"A"

Case 1:07-cv-02103-LLS   Document 422   Filed 10/11/12   Page 1 of 59

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/11/12

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

VIACOM INTERNATIONAL, INC.
COMEDY PARTNERS, COUNTRY
MUSIC TELEVISION, INC.,
PARAMOUNT PICTURES, CORP.
BLACK ENTERTAINMENT
TELEVISION, LLC

                                   CASE NO. 1:07-cv-02103 (LLS)
                                   (Related Case)
                Plaintiff's        1:07-cv-03582 (LLS)

v.

YOUTUBE, INC., YOUTUBE LLC,
GOOGLE, INC.,

                Defendant's

MOTION FOR ENTRY OF DEFAULT

George May, Plaintiff, Intervener here requests that the Clerk of the United States District Court, Southern District of New York enter default against Viacom International, Inc., Comedy Partners, Country Music Television, Inc., Paramount Pictures, Corp. D/B/A Paramount Recreation and CBS, Black Entertainment Television, LLC, Arab Bank Group, Inc., Arab Bank PLC, Dubai World Corporation, defendant's here above pursuant to Federal Rule of Civil Procedure 55(a). In support of this request George May, Plaintiff, Intervener relies upon the record in this case and his affidavit submitted herein.

-1-

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK

By _____
          Deputy Clerk

Dated this __27__, day of August, 2012.


George May, Plaintiff,
Intervener
P.O. Box 32247
Palm Bch. Gardens
Fl. 33420
Ph./Fax. 561-290-4384

-2-

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

VIACOM INTERNATIONAL, INC.
COMEDY PARTNERS, COUNTRY
MUSIC TELEVISION, INC.,
PARAMOUNT PICTURES, CORP.,
BLACK ENTERTAINMENT
TELEVISION, LLC,

                Plaintiff's

vs.

YOUTUBE, INC., YOUTUBE LLC,
GOOGLE, INC.,

                Defendant's

vs.

GEORGE MAY, CONTINUING
CONTRACT, TRADE SECRET,
OWNER, UCC LIEN OWNER,

                INTERVENER,

vs.

YOUTUBE, INC., YOUTUBE LLC,
GOOGLE, VIACOM INTERNATIONAL,
INC., COMEDY PARTNERS,
COUNTRY MUSIC TELEVISION,
INC., PARAMOUNT PICTURES,
CORP., BLACK ENTERTAINMENT
TELEVISION, LLC, ET. AL.

                Defendant's

CASE NO. 1:07-cv-02103 (LLS)
Related Case
1:07-cv-03582 (LLS)

---

## DEFAULT JUDGEMENT

The defendant's herein having failed to appear, plead or

otherwise defend in George May, Continuing Contract, Trade

Secret Owner, UCC Lien Owner, Plaintiff, Intervener action,

-1-

and default having been entered, and attorney for George May, Continuing Contract, Trade Secret Owner, UCC Lien Owner Plaintiff, Intervener, having requested judgement against the defaulted defendant's Viacom International, Inc., Comedy Partners, Country Music Television, Inc., Paramount Pictures Corporation D/B/A Paramount Recreation Corporation, CBS Corporation, Black Entertainment Television, LLC, Arab Bank Group, Inc., Arab Bank, PLC, New York, New York, Dubai World, Corporation, YOUTUBE, INC., YOUTUBE, LLC, GOOGLE, INC., and having filed a proper motion and affidavit in accordance with Federal Rule of Civil Procedure 55(a), and (b), Judgement is hereby entered in favor of George May, Continuing Contract Owner, Trade Secret Owner, UCC Lien Owner, Intervener, Plaintiff, and against the defendant's Viacom International, Inc., Comedy Partners, Country Music Television, Inc., Paramount Pictures Corporation D/B/A Paramount Recreation Corporation, CBS Corporation, Black Entertainment Television, LLC, Arab Bamk Group, Inc., Arab Bank, PLC, New York, New York, Dubai World Corporation, YOUTUBE, INC., YOUTUBE LLC, GOOGLE, INC., Jointly and Severally as follows:

> The sum certain of $21 Billion Dollars, plus
> Attorney's Fee's of 33 1/3 percent for Nicolas J.
> Gutierrez, Jr., Jo Ann Barone, Lawrence K. Fagan,
> Stuart, L. Stein, plus interest compounded annually
> from September 4, 2012 at the Statutory Rate until
> paid.

-2-

Dated this_____, day of June, 2013.

_____
CLERK U.S. DISTRICT COURT



*Paramount Parks*

A · T I A C O M   C O M P A N Y

November 21, 1995.

Mr. George May
P.O. Box 32247
Palm Beach Gardens, FL  33420

Dear Mr. May:

Your proposal for a Star Trek theme park has been forwarded to us by
Thomas Byrne of Blockbuster Entertainment Group.

While we find your proposal very interesting, we regret to inform you that
we are not pursuing this type of joint venture at the present time.  We thank
you for your interest and wish the best of luck in your endeavor.

Sincerely,

*Jane Cooper*

Jane Cooper
President & CEO

JC:amw

*Handwritten annotations:*

*Signed Continuing Contract For Payment to George May Creates a UCC Lien*

*No Statute Of Limitions*

*Signed Letter Pleading Guilty To The Commercial Theft of Trade Secrets owned by George May*

*Trade Secrets Owned by George May*

# Star Trek resort coming soon

*Continuing Criminal Conspiracy by*

Trek-themed park coming to Red Sea resort in Jordan, thanks to royal Trekkie King Abdullah II.

*Google, YouTube*

by **Eric Mack** | August 9, 2011 5:23 PM PDT

*to commit Internet intentional fraud, harm George may*



**[http://i.i.com.com/cnwk.1d/i/tim/2011/08/09/trek-resort.PNG]**

Turns out the Final Frontier is a nice spot on the Red Sea. (Click to enlarge.)

(Credit: Rubicon Holding Group)

The Wrath of Khan is soon to be offset by the joy of Jordan. Perhaps the world's richest Trekkie, King Abdullah II of Jordan, has given the green light and some cash from one of his namesake funds to build a $1.5 billion dollar Star Trek-themed resort in his Kingdom. King Abdullah is a well-known Trek fanatic who once appeared in an episode of "Star Trek: Voyager."

The resort is part of a larger development, the Red Sea Astrarium at the port of Aqaba, which will take up a reported 184 acres. The Developer, Rubicon Group Holding, announced a licensing deal with CBS to include a Star Trek center in the resort, one of at least a dozen other themed sections (disclosure: CBS is the parent company of CNET). The entire development is also expected to be eco-friendly, a theme that

01/11/2004 02:35 a m

*[handwritten top left]* A Continuing Wrong Against George May

*[handwritten top right]* No Statute of Limitations Apply

## DECISIONS

317

**Trade Regulation—Trade Secrets—Applicability of Statute of Limitations to Wrongful Appropriation of Trade Secret.**—In 1921 the plaintiff disclosed a trade secret to the defendant, pursuant to a contract which prohibited the defendant from taking advantage of the principle thus disclosed unless and until adequate compensation for the plaintiff had been agreed upon. After disclosure the defendant declared itself as not interested in the process and no agreement for compensation was made. The defendant, however, according to allegations, investigated the process, developed machinery embodying its principle, and in 1930 obtained patents thereon. The plaintiff seeks to have the patent rights assigned to him, to restrain the defendant's use of his process, and to secure an accounting. The defendant moved to dismiss on the ground that the plaintiff's action was for breach of contract and therefore barred by the statute of limitations. *Held*, motion to dismiss denied. There is a property right in the trade secret, apart from the contract, which equity will protect. As the defendant's user is in the nature of a continuing wrong, the statute of limitations is inapplicable as to those rights which arose within the statutory period. *Sachs v. Cluett, Peabody & Co., Inc.*, 31 N. Y. S.(2d) 718 (Sup. Ct. 1941).

*[handwritten right margin]* A Continuing Contract For Payment to George May

*[handwritten right margin]* A Continuing UCC Lien Owned by George May

If the rights of the plaintiff were derived solely from the contract the defendant's position would unquestionably be correct, but there are numerous cases in which, despite the absence of a contract, the court has granted equity protection for a trade secret.[1] In granting equitable relief, the majority of courts proceed on the theory that the basis of protection is the property right in a trade secret, while others state that the basis is a breach of contract or of confidential relations.[2] At the present stage in the development of the trade secrets doctrine, it seems unnecessary to tie down the grant of protection to the reasoning of the earlier cases;

1. *E.g.*, Philadelphia Extracting Co. v. Keystone Extracting Co., 176 Fed. 830 (E. D. Pa. 1910); Feasal v. Noxall Polish Mfg. Co., 268 Fed. 887 (E. D. Pa. 1920) (contract had expired); Shavoir v. American Rebonded Leather Co., 104 Conn. 472, 133 Atl. 582 (1926) (contract had been abrogated and was not in issue); Morrison v. Woodbury, 105 Kan. 617, 185 Pac. 735 (1919); Abalene Exterminating Co. v. Oser, 125 N. J. Eq. 329, 5 A.(2d) 738 (Ch. 1939); Tabor v. Hoffman, 118 N. Y. 30, 32 N. E. 12 (1889); see Barton, *A Study in the Law of Trade Secrets* (1939) 13 U. of Cin. L. Rev. 507, 540. As to what may constitute a trade secret, *see* A. O. Smith Corporation v. Petroleum Iron Works Co. of Ohio, 73 F.(2d) 531, 538, 539 (C. C. A. 6th, 1934); Walker v. Berger, 148 Ga. 326, 96 S. E. 627 (1918) (not necessarily a patentable idea); Barton, *supra*, at 515, 521; Note, *The Projector's Remedies to Enforce a Property Right in an Idea* (1941) 15 St. John's L. Rev. 243, 247.

2. See Derenberg, Trade-Mark Protection and Unfair Trading (1936) §8; Barton, *supra* note 1, at 530 *et seq.*; Notes, *Equitable Protection of Trade Secrets* (1923) 23 Columbia Law Rev. 164; *Basis of Jurisdiction for the Protection of Trade Secrets* (1919) 19 Columbia Law Rev. 233; *Nature of Trade Secrets and Their Protection* (1928) 42 Harv. L. Rev. 254; see also (1928) 6 Tex. L. Rev.

28/12/2011 12:57 p.m.

| SPRING 2006 | Trade Secrets |
|---|---|

| Course No. 9200-704-801<br>ID No. 16545 | W 6:30 – 9:30 p.m. | Room W-215 |
|---|---|---|
| Professor Jay Dratler, Jr. | Room 231D (IP Alcove) | (330) 972-7972 | dratler@uakron.edu, dratler@neo.rr.com |

Copyright © 2000, 2002, 2003, 2006  Jay Dratler, Jr.

For permission, see

*[handwritten: A Continuing Tort Against George May]*

# Smith v. Dravo Corp.

203 F.2d 369, 97 U.S.P.Q. (BNA) 98 (7th Cir.1953)

*[handwritten: Intentional Harm is a Tort]*

Before Duffy, Lindley and Swaim, Circuit Judges.

Lindley, Jr. [*370]

**\* \* \* [*371] \* \* \***

In the early 1940s Leathem D. Smith, now deceased, began toying with an idea which, he believed, would greatly facilitate the ship and shore handling and transportation of cargoes.  As he was primarily engaged in the shipbuilding business, it was quite natural that his thinking was chiefly concerned with water transportation and dock handling.  Nevertheless his overall plan encompassed rail shipping as well.  He envisioned construction of ships especially designed to carry their cargo in uniformly sized steel freight containers.  These devices (which, it appears, were the crux of his idea) were: equipped with high doors at one end; large enough for a man to enter easily; weather and pilfer proof; and bore collapsible legs, which (1) served to lock them (a) to the deck of the ship by fitting into recesses in the deck, or (b) to each other, when stacked, by reason of receiving sockets located in the upper four corners of each container, and (2) allowed sufficient clearance between deck and container or container and container for the facile insertion of a fork of a lift tractor, and (3) were equipped with lifting eyelets, which, together with a specially designed hoist, made possible placement of the containers upon or removal from a ship, railroad car or truck, while filled with cargo.  The outer dimensions of the devices were such that they would fit compactly in standard gauge North American railroad cars, or narrow gauge South American trains, and in the holds of most water vessels.

World War II effectually prevented Smith from developing his conception much beyond the idea stage.  Nevertheless blue prints were drawn in 1943, and in 1944, as a result of



*A Continuing*

# Tortious Interference with Contract and Prospective Economic Advantage

This Quarterly Update[1] focuses on tortious interference with contract and tortious interference with prospective economic advantage.[2]

*Against George May*

## Introduction

Claims for tortious interference with contract or prospective economic advantage can result in enormous judgments. *See, e.g., Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 4 (1987) (jury verdict in excess of $10 billion for tortious interference with contract); *JAM Sports & Entertainment, LLC v. Paradama Productions, Inc.*, 382 F. Supp. 2d 1056, 1058 (N.D. Ill. 2005) (jury verdict in excess of $90 million for tortious interference with contract and prospective economic advantage, although defendant later granted judgment as a matter of law on claim for tortious interference with prospective economic advantage). The reasons for such large potential damage awards are obvious: the underlying contract or business relationship at issue can be extremely valuable and, if the defendant's conduct is sufficiently egregious, punitive damages may be awarded in "economic interference" cases. *See, e.g., Pennzoil*, 481 U.S. at 4 (interference with acquisition of Getty Oil; jury verdict of $7.53 billion in actual damages and $3 billion in punitive damages); *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 290 (2d Cir. 2003) (affirming award of punitive damages for tortious interference with prospective economic advantage).

---

[1]  Meyer & O'Connor, LLC ("Meyer & O'Connor"), a trial and appellate firm focusing on complex commercial litigation, tort and general civil litigation, criminal defense and civil rights litigation, publishes a Quarterly Update that addresses significant legal developments. The Quarterly Update is an informational service for clients, friends and acquaintances of the firm (and attorney advertising) and is not legal advice and does not create an attorney-client relationship with Meyer & O'Connor.

[2]  "Tortious interference with prospective economic advantage" is the title used in some jurisdictions to refer to the tort claim that can arise when one wrongfully interferes with a significant business relationship that has not been reduced to contract. We refer to this tort by this title herein, but it should be noted that some jurisdictions refer to this tort by different titles. *See, e.g., Amaranth LLC v J.P. Morgan Chase & Co.*, 71 A.D.3d 40, 47, 888 N.Y.S.2d 489, 494 (Sup. Ct. App. Div. 1st Dept. 2009)(discussing "claim for tortious interference with business relations" and "complaint alleging tortious interference with prospective economic advantage" in reference to same claim).

Attorney advertising material. This material does not constitute legal advice or create an attorney-client relationship with Meyer & O'Connor, LLC. Please direct questions or comments regarding these materials to Timothy P. O'Connor, Meyer & O'Connor, LLC, Suite 3300, 135 South LaSalle Street, Chicago, IL 60603; (e) toconnor@meyeroconnor.com; (p) 312-346-9000.

12/8/14

TO: The Clerk of the U.S.
    District Court, Southern
    District of New York
    Federal Building and
    Courthouse
    300 Quarropas Street
    White Plains, NY 10601
    Ph. 914-390-4100
    Fax. 914-390-4180


RE; Ex Parte Order, Writ of
    Replevin


Please find enclosed Original and 3 Copies of my request
for the Court, Honorable Judge Richard M. Berman for a
Ex parte Order of Replevin, Detinue, Seizure, pursuant to
Federal Rule of Civil Procedure 64, the All Writs Act,

Please also find enclosed 3 copies of my Civil Cover
Sheet, filing fee's of $400.00, plus Writ of Replevin
fee of $5.00, Summons to Stamp, mail back to me for service
service of process.

Please file my Ex Parte Order for my Writ of Replevin,
with the Court, Honorable Richard M. Berman,

If you have any questions, please contact me.

Thank you for your help.


                            Yours Truly


                            George May
                            P.o. Box 32247
                            Palm Bch. Gardens
                            Fl. 33420
                            Ph./Fax. 561-290-4384

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

GEORGE MAY,

       PLAINTIFF,

VS.                        CASE NO:

VIACOM INTERNATIONAL, INC.,
GOOGLE, INC., ET. AL.

       DEFENDANT'S

---

## PROPOSED ORDER

VIACOM INTERNATIONAL, INC., COMEDY PARTNERS, COUNTRY MUSIC TELEVISION, INC., BLACK ENTERTAINMENT TELEVISION, LLC, CBS CORPORATION, PARAMOUNT PICTURES CORPORATION, ARAB BANK GROUP, INC., ARAB BANK PLC, NEW YORK, NEW YORK, DUBAI WORLD CORPORATION, YOUTUBE, INC., YOUTUBE LLC, GOOGLE, INC., DEFENDANT'S JOINTLY AND SEVERALLY ARE ORDERED TO SHOW CAUSE WHY THE MONEY, $21 BILLION DOLLARS, TRADE SECRETS, PERSONAL PROPERTY OWNED BY GEORGE MAY, PLAINTIFF, TAKEN BY GRAND THEFT, FOR UNJUST ENRICHMENT BY DEFENDANT'S HEREIN SHOULD NOT BE TAKEN FROM THE SALE OF THE DEFENDANT'S STOCK, TREASURY SHARES, ASSETS, BANK ACCOUNTS, PROPERTY AND IMMEDIATELY PAID TO GEORGE MAY, PLAINTIFF.

VIACOM INTERNATIONAL, INC., COMEDY PARTNERS, COUNTRY MUSIC TELEVISION, INC., BLACK ENTERTAINMENT TELEVISION, LLC, CBS CORPORATION, PARAMOUNT PICTURES CORPORATION, ARAB BANK GROUP,

-1-

INC., ARAB BANK PLC, NEW YORK, NEW YORK, DUBAI WORLD

CORPORATION, YOUTUBE, INC., YOUTUBE LLC, GOOGLE, INC.,

DEFENDANT'S MONEY, $21 BILLION DOLLARS, PLUS INTEREST ARE

SEIZED FROM THE DEFENDANT'S HEREIN MONEY, ASSETS, BANK STOCK,

BANK ACCOUNTS, PROPERTY AND ARE TO BE SOLD TO IMMEDIATELY PAY

TO GEORGE MAY, PLAINTIFF HIS MONEY, AS REQUIRED BY UCC LIEN

LAW ARTICLE 8,9, USTA, FEDERAL RULE OF CIVIL PROCEDURE 64,

N.Y.P.L. S 155.00, S 155.42, 18 U.S.C. §,§3,§4, §371, §1831,

§1832, §1030(g), REPLEVIN, DETINUE, CONTRACT FOR PAYMENT TO

GEORGE MAY, PLAINTIFF OF NOVEMBER 21, 1995, WHICH THE

DEFENDANT'S HEREIN HAVE WAIVED ALL DEFENSES, HEARINGS.

DATED THIS _____, DAY OF DECEMBER 2014.


HONORABLE JUDGE RICHARD M. BERMAN
U.S. DISTRICT COURT, SOUTHERN
DISTRICT OF NEW YORK

-2-



*Paramount Parks*
A · VIACOM · COMPANY

*CONTRACT WAIVER of All DEFENSES, HEARINGS by defendants, Signed Continuing CONTRACT FOR PAYMENT TO George MAY*

November 21, 1995.

Mr. George May
P.O. Box 32247
Palm Beach Gardens, FL 33420

Dear Mr. May:

Your proposal for a Star Trek theme park has been forwarded to us by Thomas Byrne of Blockbuster Entertainment Group.

While we find your proposal very interesting, we regret to inform you that we are not pursuing this type of joint venture at the present time.  We thank you for your interest and wish the best of luck in your endeavor.

Sincerely,

Jane Cooper
Jane Cooper
President & CEO

JC:amw

*NO STATUTE OF LIMITATIONS*

*Signed Letter Pleading Guilty To The Commercial Theft OF Trade Secrets owned by George MAY*

*TRADE SECRETS OWNED BY GEORGE MAY*